## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**CHRISTINE HALE,**
                        **Plaintiff**

**v.**                                                 **Civil Action No.**
                                                                        **3:04CV186-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                        **Defendant**

### MEMORANDUM OPINION

This childhood disability case presents plaintiff Christine Hale's challenge to the decision of the Commissioner denying her claim to supplemental security income payments. After examining the materials of record, the arguments of the parties and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

The Welfare Reform Act amended certain provisions of Title XVI of the Social Security Act relating to SSI applications by children. The Act provides: "An individual under the age of 18 shall be considered disabled for purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months." Welfare Reform Act, Title II, Subtitle B, § 211(a)(4) (1996), 42 U.S.C. § 1382c(a)(3)(C)(I).

The SSA promulgated final rules implementing this provision. The rules establish a three step sequential evaluation for determining disability. The SSA will consider (1) whether the child is working; (2) whether the child has a medically determinable severe impairment which is

expected to result in death, has lasted or is expected to last for a continuous period of not less than 12 months and, if so, (3) whether the impairment or combination of impairments meets, medically equals, or functionally equals the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2000) (the "Listings"). 20 C.F.R. § 416.924 (2000).

SSA regulations also set forth methods that may be used to determine whether an impairment is functionally equivalent to a Listing, including consideration of whether the child's impairment effects "broad areas of development or functioning" set forth in the regulations. 20 C.F.R. § 416.926a(b)(1)- (b)(4) (2000). The regulations state that the SSA will find an impairment functionally equivalent to a Listing if the child has an extreme limitation in one area of functioning, or a marked limitation in two areas of functioning. 20 C.F.R. § 416.926a(b)(2). For children over three years of age, the areas of development or functioning that may be addressed in considering functional equivalence are (1) cognition/communication; (2) motor skills; (3) social ability; (4) personal ability; and (5) concentration, persistence or pace. 20 C.F.R. § 416.926a©)(4). The regulations provide that when standardized tests are used as a measure of functional abilities, a "marked limitation" is a valid score that is two standard deviations or more below the norm for the test. 20 C.F.R. § 416.926a©)(3). We are required to accord considerable weight to the agency's construction of statutes it administers. <u>Chevron U.S.A., Inc. v. National Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984).

Ms. Hale filed her application on October 2, 2000, alleging that she had been disabled since birth, August 13, 1985. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Hale suffers from asthmatic bronchitis, allergies, obesity, low back pain and otitis media. While these are severe impairments, the ALJ determined that Ms. Hale does not

2

have a combination of medically determinable physical or mental impairments that result in marked and severe functional limitations.

Plaintiff does not challenge the finding of failure to show "marked and severe functional limitations," but rather states that the ALJ was wrong to proceed to steps in the sequential evaluation process that involved analysis of functional limitations that would be the *equivalent* of a listing. Plaintiff contends that the ALJ erred in finding that her asthmatic condition failed to *meet* listing 103.03( C)(2). That listing requires a showing of "persistent low-grade wheezing between attacks or absence of extended symptom-free periods" with "short courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12 month period." Plaintiff points to courses of corticosteroids meeting the latter requirement, but she fails to show either "persistent low-grade wheezing between attacks" or "absence of extended symptom-free periods." Indeed, in April of 2000, treating physician Dr. Amin recorded that plaintiff was "not ill enough at this time to be receiving home education," and that it appeared that some of her difficulty was due to failing to take her medication on a regular basis. Tr. 173, 230.

In order to meet the listing, both requirements must be met. If frequency and/or severity of exacerbations is brought on by failure to take medication on a regular basis, the listing has not been met. It should be noted that the when she had wheezing while at her physician's office, Flovent brought her "improvement very rapidly." Tr. 240. While plaintiff's mother's hearing testimony described constant asthmatic attacks, together with exceptional interventional skills on her part, the medical records do not support these claims. Rather, they speak of the need for consistency in medication, and they refer to periods of stability. In August of 1999, the RN's

exam indicated that plaintiff's lungs were equal and clear. Tr. 237.  In October of 1999, Dr. Amin noted that the patient was "feeling perfectly well" and had no wheezing or rhonchi. Tr. 232.  In July of 2000, Dr. Amin noted "no recent exacerbation of her wheezing." Tr. 229.  During an exacerbation in April of 2001, she was described as having "minimal expiratory wheezing." Tr. 261.  She reported that she had not had wheezing prior to that and said "that she has been doing actually very well." Tr. 262.

The Court finds no error in the ALJ's determination that Ms. Hale had not carried her burden of showing that her asthma met the requirements of Listing 103.03( C)(2).  An order in conformity has this day entered.